IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JACQUELINE MCCLOUD,<br>　　　　Plaintiff,<br><br>v.<br><br>DENNIS RICHARD MCDONOUGH,<br>United States Secretary of Veterans<br>Affairs,<br>　　　　Defendant. | §<br>§<br>§<br>§   Case No. 3:19-cv-03082-X-BT<br>§<br>§<br>§<br>§<br>§ |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court in this *pro se* employment case are: (i) Defendant Dennis Richard McDonough's Motion for Summary Judgment; (ii) Plaintiff Jacqueline McCloud's Motion for Summary Judgment; (iii) Defendant's Motion to Strike Plaintiff's Motion for Summary Judgment; and (iv) Plaintiff's Motion to Strike Defendant's Motion to Strike Plaintiff's Motion for Summary Judgment. For the following reasons, the Court GRANTS in part and DENIES in part Defendant's Motion to Strike (ECF No. 43), DENIES Plaintiff's Motion to Strike (ECF No. 44), and recommends that the District Court GRANT Defendant's Motion for Summary Judgment (ECF No. 39), DENY Plaintiff's Motion for Summary Judgment (ECF No. 42), and DISMISS all McCloud's claims with prejudice.

## Background

McCloud is an older, African-American woman with a disability and a history of filing discrimination complaints against her employer. *See* Def.'s Mot.

1

for Sum. Judgment 7. She began working as a physical therapist for the Department of Veterans Affairs (VA) in the agency's North Texas Health Care System in Dallas on July 1, 2012. Def.'s App. 5, 546:19-23 (ECF No. 41). In 2015, McCloud applied for and secured a position in the Dallas VA's clinical video telerehab (CVT) program. *Id.* at 561:9-25. However, on July 20, 2017, McCloud resigned from the VA in lieu of being terminated. Def.'s Mot. for Sum. Judgment 9-10; *see also* Pl.'s Add. Exs. 3, at 32 (ECF No. 12-2).

McCloud's employment experience apparently began to decline as early as 2014. Indeed, from 2014 to 2015, McCloud filed at least one complaint with the Equal Employment Opportunity Commission (EEOC) and one complaint with the VA's Office of Inspector General (OIG) complaining of racial discrimination. 9:2-11, *in* Def.'s App. 435; *see also id.* at 182. Then, in early 2016, Margaret Parker, a Caucasian woman, was hired as McCloud's immediate supervisor, *id.* at 548:2-19, and their working relationship soon frayed. *See, e.g.*, Pl.'s Add. Exs. 1, at 2 (ECF No. 12). Specifically, McCloud felt that, under Parker's supervision, McCloud was subjected to harassment, bullying, defamation, and racism. Pl.'s Add. Exs. 2, at 7 (ECF No. 12-1); *see also* Original Compl. 8 (ECF No. 4).

On September 6, 2016, McCloud filed a complaint against the VA alleging a hostile work environment on the basis of age, sex, race, disability, and reprisal. Def.'s App. 181-90. The VA accepted 25 of McCloud's alleged issues for investigation but dismissed her retaliation-based claims. *Id.* Over the next year, McCloud requested that the VA consider six additional issues, and the VA agreed—

2

bringing the operative number of accepted issues to 31. *Id.* at 470-74. The VA completed its investigation, and an EEOC administrative law judge issued a decision and order finding for the VA on all 31 issues. *Id.* at 516-21. McCloud appealed, but the EEOC affirmed the ALJ's decision. *Id.* at 522-32.

In response, McCloud, acting *pro se*, filed this lawsuit on December 31, 2019 against Robert L. Wilkie in his official capacity as the Secretary of Veterans Affairs.[1] Original Compl. 1. McCloud's Original Complaint describes her claims as "discrimination and being subjected to a hostile work environment based upon age, sex (female), race (black), disability (left shoulder injury), and reprisal (prior EEO activity)." *Id.* McCloud subsequently filed her Amended Complaint on June 4, 2020, this time characterizing her claims as "discrimination and being subjected to a hostile work environment based upon race . . . ; my age at the time of the original filing . . . ; disability . . . ; [s]ex . . . ; and reprisal." Am. Compl. 1 (ECF No. 27). In addition, the Amended Complaint specifies that her suit is based on the "31 claims" accepted by the VA. *Id.* Defendant filed Answers generally denying McCloud's allegations in both the Original Complaint (ECF No. 17) and the Amended Complaint (ECF No. 28).

Defendant filed its Motion for Summary Judgment on May 3, 2021. In its Motion, Defendant argues that McCloud's retaliatory hostile-work-environment claim is not recognized in the Fifth Circuit, and that McCloud has failed to produce

---

[1] After replacing Wilkie as Secretary, McDonough was substituted as the Defendant in this case pursuant to Fed. R. Civ. P. 25(d).

3

evidence "that she was subjected to any harassment; that any alleged harassment was based on a protected characteristic; that any alleged harassment affected a term, condition, or privilege of employment; and that the VA knew or should have known of the alleged harassment and failed to take prompt remedial action." Def.'s Mot. 7.

While McCloud did not file a direct response to Defendant's Motion, she did file her own Motion for Summary Judgment on May 3. (ECF No. 42). In her Motion, McCloud recounts her experience mediating with the VA in this case, claiming that the "mediation was not conducted in good faith or fair." Pl.'s Mot. for Sum. Judgment 2. Furthermore, McCloud argues that she should be granted summary judgment because "Defendant did not present any evidence rejecting Plaintiff's 31 claims." *Id.* at 1. Finally, McCloud's Motion references various documents submitted in her other filings as evidence supporting each of her 31 claims. *Id.* at 2-8.

Defendant filed a Response (ECF No. 47) to McCloud's Motion and filed a Motion to Strike McCloud's Motion for Summary Judgment. Defendant argues that the Court should strike McCloud's Motion for Summary Judgment because it reveals confidential settlement negotiations and violates this district's Local Rules. Def.'s Mot. Strike 1. In response, McCloud filed her own Motion to Strike Defendant's Motion to Strike, arguing that the Court should strike Defendant's Motion to Strike because the "mediation was not conducted in [g]ood [f]aith." Pl.'s Mot. Strike 1.

**Preliminary Matters**

As an initial matter, the Court construes McCloud's Motion for Summary Judgment as a response to Defendant's Motion for Summary Judgment and a cross-motion for summary judgment. Both parties' summary judgment motions are thus fully briefed and ripe for determination.

In addition, the Court GRANTS in part and DENIES in part Defendant's Motion to Strike. Specifically, the Court finds that a portion of McCloud's Motion for Summary Judgment describes confidential settlement negotiations. That portion of McCloud's Motion is improper, and so, in the interest of justice, it should be struck. The Court will not consider the portions of McCloud's Motion that describe confidential settlement negotiations. See *Kreit v. Biolase Tech., Inc.*, 2006 WL 8448517, at *2 (S.D. Tex. May 17, 2006). McCloud's Motion also fails to comply with the Court's local rules on formatting. However, in the interest of justice, the Court declines to strike the entirety of McCloud's Motion, which would eliminate her only response to Defendant's Motion for Summary Judgment. Accordingly, the Court STRIKES the portions of McCloud's Motion for Summary Judgment that reference the parties' settlement negotiations.

Furthermore, McCloud fails to show any legal reason why Defendant's Motion to Strike should be struck. Accordingly, the Court DENIES McCloud's Motion to Strike Defendant's Motion to Strike.

The Court now turns to the merits of the parties' Motions for Summary Judgment.

## Legal Standard

Summary judgment is proper when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party seeking summary judgment bears the initial burden of showing the absence of a genuine issue for trial. *Duffy v. Leading Edge Prods., Inc.*, 44 F.3d 308, 312 (5th Cir. 1995) (citation omitted). The movant's burden can be satisfied by demonstrating that there is an absence of evidence to support the nonmoving party's case, which the nonmovant bears the burden of proving at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant meets its initial burden, the nonmovant must show that summary judgment is not proper. *Duckett v. City of Cedar Park*, 950 F.2d 272, 276 (5th Cir. 1992) (citation omitted). The parties may satisfy their respective burdens "by tendering depositions, affidavits, and other competent evidence." *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir. 1992) (citing *Int'l Shortstop, Inc. v. Rally's,* 939 F.2d 1257, 1263 (5th Cir. 1991); Fed. R. Civ. P. 56(e)).

The party opposing the summary-judgment motion must identify specific evidence in the record and state the precise manner in which that evidence supports the party's claim. *Esquivel v. McCarthy,* 2016 WL 6093327, at *2 (N.D. Tex. Oct. 18, 2016) (citing *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1988)). "Rule 56 does not impose a duty on the court to 'sift through the record in search of evidence' to support the nonmovant's opposition to the motion for summary judgment." *Id.* (citing *Ragas,* 136 F.3d at 458; *Skotak v. Tenneco Resins,*

*Inc.*, 953 F.2d 909, 915-16 & n.7 (5th Cir. 1992)). All evidence must be viewed in the light most favorable to the party opposing the summary-judgment motion. *Rosado v. Deters*, 5 F.3d 119, 123 (5th Cir. 1993) (citing *Reid v. State Farm Mut. Auto. Ins. Co.*, 784 F.2d 577, 578 (5th Cir. 1986)).

## Analysis

In her Amended Complaint, McCloud presents "31 claims" for "discrimination and being subjected to a hostile work environment based upon" race, age, sex, disability, and reprisal. Am. Compl. 1.

As an initial matter, "federal courts have no jurisdiction over federal employees' Title VII claims . . . until administrative remedies have been exhausted." *Higareda v. U.S. Postal Serv.*, 5 F.3d 1495, at *1 (5th Cir. 1993) (per curiam). In this case, McCloud has only exhausted her administrative remedies for claims based on a hostile work environment. *See* Def.'s App. 191-97, 199-204, 470-74. Moreover, the Court construes both McCloud's Complaints to only allege claims based on a hostile work environment. However, to the extent McCloud alleges any other discrimination claim, she has failed to exhaust her administrative remedies and such claims should thus be DISMISSED. The Court now turns to McCloud's hostile-work-environment claims.

In the Fifth Circuit, "a hostile work environment claim requires that the alleged harassment be based on . . . [the plaintiff's] protected status." *Miller v. Wells Fargo Bank, N.A.*, 2020 WL 1434058, at *14 (N.D. Tex. February 18, 2020) (Rutherford, J.) (citing *Ramsey v. Henderson*, 286 F.3d 264, 268 (5th Cir. 2002)),

7

*rec. adopted* 2020 WL 1434058 (N.D. Tex. March 24, 2020). This protected status may be based on race or sex, 42 U.S.C. § 2000e-16(a) (Title VII), age, 29 U.S.C. § 633a(a) (ADEA), or disability, 29 U.S.C. §§ 701, *et seq.* (Rehabilitation Act).

However, the Fifth Circuit has "not recognized a retaliatory hostile work environment cause of action." *Heath v. Bd. of Supervisors for S. Univ. & Agric. & Mech. Coll.*, 850 F.3d 731, 742 (5th Cir. 2017), *as revised* (Mar. 13, 2017); *see also English v. Perdue*, 777 Fed. Appx. 94, 99 (5th Cir. 2019) ("[W]e need not decide whether to join the rest of the circuit courts in recognizing a retaliatory hostile work environment claim."). Accordingly, McCloud's hostile work environment claim based on "reprisal" fails as a matter of law.

McCloud's remaining claims are based on race, sex, age, and disability. A hostile-work-environment claim based on any of these characteristics requires, at minimum, the following showings: (1) the plaintiff is a member of the protected class; (2) the plaintiff was subjected to severe and pervasive harassment; (3) the harassment was based on a protected characteristic; and (4) the harassment affected a term, condition, or privilege of the plaintiff's employment. *See Ramsey*, 286 F.3d at 268 (outlining these requirements as applied to racial and sex discrimination under Title VII); *Dediol v. Best Chevrolet, Inc.*, 655 F.3d 435, 441 (5th Cir. 2011) (same as applied to age discrimination under the ADEA); *Travis v. Potter*, 221 Fed. Appx. 345, 348 (5th Cir. 2007) (same as applied to disability discrimination under the Rehabilitation Act and noting that this claim requires the harassment to be based solely on the plaintiff's disability). While each of these

8

claims requires additional showings, all of them require a plaintiff to first point to evidence supporting these four required showings.

McCloud's summary judgment evidence consists of more than 140 pages of documents, forms, emails, and other communications. Pl.'s Add. Exs. 1-3. But McCloud's Motion for Summary Judgment, which the Court also construes as a response to Defendant's Motion for Summary Judgment, makes only vague references to this evidence. *See, e.g.*, Pl.'s Mot. Sum. Judgment 3 ("Plaintiff's claims are supported by Exhibits 1-2, Exhibits B1-5. Disparate treatment based upon race."). Moreover, McCloud makes no effort to link any specific pieces of evidence to any of her required showings.

While the Court is not required to "sift through the record in search of evidence" favoring McCloud, *Esquivel,* 2016 WL 6093327, at *2, the Court has nonetheless reviewed all her summary-judgment evidence and find that it fails to demonstrate a genuine fact issue exists as to the required elements of her claims.

Defendant does not dispute that McCloud is an older, African-American woman with a shoulder disability, *see* Def.'s Mot. for Sum. Judgment 7, and is thus a member of several protected classes. However, McCloud's claims fail because she has not shown that she was the subject of severe and pervasive harassment based on any protected characteristic. McCloud's pleadings, summary judgment motion, and evidence only show workplace disagreements and confrontations that do not rise to the level of severe and pervasive harassment.

For example, McCloud repeatedly highlights evidence regarding an incident that occurred between her and her supervisor. According to an email McCloud sent to her union representative, her supervisor "snatched a piece of paper that [McCloud was holding] . . . , balled it up in both of her hands while she stood over [McCloud], and . . . pushed it into [McCloud's] face." Pl.'s Add. Exs. 1, at 10. McCloud went on to file a police report detailing this incident in a similar fashion. *See Id.* at 11-12. But such a situation does not establish a hostile work environment in the Fifth Circuit. *See McCoy v. City of Shreveport*, 492 F.3d 551, 554, 558 (5th Cir. 2007) (per curiam) (declining to find a hostile work environment where an employer "twice thr[e]w . . . wadded-up paper in [a plaintiff]'s face and . . . repeatedly enter[ed] her office only to stare at her and laugh in mocking derision"); *see also Wade v. Solis*, 2009 WL 1186638, at *16 (N.D. Cal. May 4, 2009), *aff'd*, 402 F. App'x 288 (9th Cir. 2010) (dismissing a hostile work environment claim based on a plaintiff's allegation that "his supervisor . . . shoved a piece of paper at him and snapped at him").

In addition, McCloud presents no evidence that any of the wrongs she allegedly suffered were a result of her race, sex, age, or disability. For example, McCloud references an incident where her supervisor, Parker, allegedly asked a third party if McCloud would be likely to shoot Parker if McCloud were disciplined. Def.'s App. 645:16-647:1; Pl.'s Mot. for Sum. Judgment 7. While McCloud believes that this statement was a "racist tactic/comment," Pl.'s Mot. for Sum. Judgment 7, one isolated statement, that does not make any reference—direct or indirect—to

10

race, does not constitute race-based harassment in the Fifth Circuit. *See, e.g.*, *Baker v. FedEx Ground Package Sys. Inc.*, 278 F. App'x 322, 329 (5th Cir. 2008) (per curiam) (rejecting a hostile-work-environment claim where a supervisor not only used "[t]he phrases 'fired girl walking' and 'stupid,'" which were "not 'based on race,'" but also made "race-related" comments that the supervisor "did not want to work with people like" the plaintiff and that "whites rule"); *Mosley v. Marion Cnty., Miss.*, 111 F. App'x 726, 728 (5th Cir. 2004) (per curiam) (holding that "evidence of three incidents involving the use of racial slurs" was insufficient to support a hostile-work-environment claim).

Moreover, McCloud has not shown that any of the alleged harassment affected a term, condition, or privilege of her employment. To satisfy this "high hurdle," McCloud must show that her alleged harassment was "sufficiently severe or pervasive to create an abusive working environment." *Hackett v. United Parcel Serv.*, 736 Fed. Appx. 444, 450 (5th Cir. 2018) (internal quotation marks and citation omitted). But all of McCloud's alleged incidents of harassment, even taken together, are not severe enough to constitute an abusive working environment. *See Hernandez v. Yellow Transp., Inc.*, 670 F.3d 644, 652 (5th Cir. 2012) (upholding a trial court's grant of summary judgment to an employer despite "numerous" troubling incidents, while noting that "[a] wide range of behaviors can make a workplace uncivil," but fall short of creating a hostile work environment); *Ramsey*, 286 F.3d at 269 (upholding summary judgment for an employer despite a "record . . . rife with vague assertions of racial animus"). While the alleged incidents "might

11

have been frustrating to [McCloud], . . . she provides no evidence that they were so severe or pervasive as to alter the condition of her employment in a fashion that constitutes cognizable harassment." *Price v. Wheeler*, 834 F. App'x 849, 860 (5th Cir. 2020).

McCloud's other evidence—taken alone or in consideration with all the other evidence—supports her required showings no more than the examples above. McCloud fails to present sufficient evidence to raise a genuine fact issue as to whether she was subjected to severe and pervasive harassment, that any alleged harassment was based on her protected status, or that the harassment affected a term, condition, or privilege of her employment. Accordingly, McCloud has not met her summary-judgment burden and her claims fail as a matter of law.

## RECOMMENDATION

For the reasons stated, the District Court should GRANT Defendant's Motion for Summary Judgment (ECF No. 39), DENY McCloud's Motion for Summary Judgment (ECF No. 42), and DISMISS WITH PREJUDICE all McCloud's claims.

**SO RECOMMENDED.**

February 4, 2022.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).