THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JACQUELINE MCCLOUD, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action No. 3:19-cv-3082 |
| | § | |
| DENIS RICHARD MCDNOUGH, | § | |
| | § | |
| *Defendant.* | § | |

**ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

The United States Magistrate Judge made findings, conclusions, and recommendations in this *pro se* employment case. [Doc. No. 50.] The plaintiff McCloud is an older, African-American woman with a disability and history of filing discrimination complaints against her employer. McCloud previously filed thirty-one claims with the Equal Employment Opportunity Commission alleging a hostile work environment on the basis of age, sex, race, disability, and reprisal that she allegedly experienced in her job as a physical therapist for the VA. Eventually, an administrative law judge found for the VA on all thirty-one claims and the EEOC affirmed that decision.

Then, McCloud filed this lawsuit against the Secretary of Veterans Affairs alleging discrimination and a hostile work environment, re-asserting the claims that she submitted to the EEOC. The defendant moved for summary judgment, as did McCloud. The Court referred the motions to the magistrate judge.

In its findings, conclusions, and recommendations, the magistrate judge carefully and thoroughly examined each of McCloud's claims and allegations. The magistrate judge

1

recommends dismissing McCloud's discrimination claims because she has failed to exhaust administrative remedies on those claims. The magistrate judge recommends dismissing McCloud's hostile-work-environment claim based on "reprisal" because the Fifth Circuit does not recognize such a claim. As for McCloud's hostile-work-environment claim based on race, sex, age, and disability, the magistrate judge reviewed the 140 pages of documents, forms, emails, and other communications that McCloud attached to her motion for summary judgment—even though the magistrate judge did not have to do so because McCloud did not reference the documents in her motion and did not explain if or how any of them provided evidence of her claims. After that review, the magistrate judge found that McCloud failed to show that she was subjected to severe and pervasive harassment, that any harassment was based on a protected characteristic, and that any harassment affected a term, condition, or privilege of her employment—all of which are required for a hostile-work-environment claim.[1]

The magistrate judge explained that, under Fifth Circuit precedent, McCloud's allegation that a supervisor snatched a piece of paper from her and pushed it into her face is insufficient to establish severe and pervasive harassment.[2] McCloud also failed to establish that any harassment was based on a protected characteristic because, even assuming that McCloud's supervisors statements could be interpreted as impliedly racist, the Fifth Circuit has rejected hostile-work-environment claims where the plaintiff alleged multiple instances

---

[1] *See Ramsey v. Henderson*, 286 F.3d 264, 268 (5th Cir. 2002).
[2] *See McCoy v. City of Shreveport*, 492 F.3d 551, 554, 558 (5th Cir. 2007) (declining to find a hostile work environment where an employer "twice thr[e]w . . . wadded-up paper in [a plaintiff]'s face and . . . repeatedly enter[ed] her office only to stare at her and laugh in mocking derision").

2

of explicitly racist comments.[3]

Because the magistrate judge concluded that McCloud failed to show a genuine dispute of material fact, the magistrate judge recommended granting the defendant's motion for summary judgment. And because McCloud failed to provide evidence sufficient to support her claims and her claims fail as a matter of law, the magistrate judge recommended denying McCloud's motion for summary judgment.

McCloud filed objections. [Doc. No. 54.] McCloud's objections and arguments are very difficult to discern. In the seventeen-page document, McCloud appears to primarily re-state the factual allegations that served as the bases for her thirty-one EEOC claims. She sprinkled in phrases such as "disparate treatment based on race" and "assault" throughout the factual recitations. However, McCloud does not explain why the magistrate judge's conclusions and recommendations are incorrect. For example, she re-asserts the paper incident, but does not argue that the magistrate judge was wrong to conclude that such behavior does not rise to the level of pervasive and severe harassment under Fifth Circuit precedent. [Doc. No. 54 at 14.] She also asserts that was the subject of "reprisal," but does not argue that the magistrate judge was wrong in finding that the Fifth Circuit does not recognize hostile-work-environment claims based on reprisal.

The Court has reviewed the magistrate judge's recommendation *de novo* and finds no errors. Accordingly, the Court **ACCEPTS** and **ADOPTS IN FULL** the magistrate judge's findings, conclusions, and recommendations. The defendant's motion for summary

---

[3] *See Baker v. FedEx Ground Package Sys. Inc.*, 278 F. App'x 322, 329 (5th Cir. 2008).

3

judgment is **GRANTED**, and McCloud's motion for summary judgment is **DENIED.**

    **IT IS SO ORDERED** this 8th day of March, 2022.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE